UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shawn P. Bolan,                                          Civil No. 06-2969 (DSD/FLN)

      Petitioner,

v.                                                       **REPORT AND RECOMMENDATION**

Warden Marty Anderson,

      Respondent.

_____

Shawn Bolan, *Pro Se* Petitioner.
Richard Newberry, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1) Respondent filed a response in opposition to Petitioner's petition. (Docket No. 5.) Respondent also filed a motion to dismiss the petition for writ of habeas corpus. (Docket No. 8.) The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the motion to dismiss the writ of habeas corpus be granted.

In his petition, Petitioner challenges the BOP policy articulated in 28 C.F.R. §§ 570.20 and 570.21, which limited the transfer of an inmate to a Residential Reentry Center[1] (hereinafter "RRC") to the last ten percent of the inmate's sentence or six months, whichever was less. Petitioner argues that these regulations are invalid because the BOP must make an individualized character assessment

---

[1] Residential Reentry Centers were formally referred to as Community Corrections Centers (hereinafter "CCC").

concerning Petitioner's eligibility for release to a RRC based on the factors listed in 18 U.S.C. § 3621(b). Petitioner seeks immediate evaluation for placement in a RRC or home confinement based on the factors listed in 18 U.S.C. § 3621(b).

In the Respondent's response in opposition, it acknowledges that, "in the Eighth Circuit, Sections 570.20 and 570.21 are invalid and that it will follow the BOP guidelines which existed before 2002." (Gov't Mem. in Opp. at 2.) The current policy is set forth in the Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998, (hereinafter "Program Statement"), under which the BOP considers the prisoner for placement in a RRC, pursuant to the factors listed in 18 U.S.C. §3621(b), approximately "11 to 13 months before an inmate's projected release date". Program Statement 7310.04 at 7.

In Respondent's motion to dismiss, it states "the BOP has reevaluated the petitioner's release plan under the Fults factors, and determined that 62 days will meet petitioner's needs for his transition into society." (Gov't Mot. To Dismiss at 3.) In support of its motion, the BOP filed an affidavit detailing the BOP's analysis of the Petitioner's request to be released to a RRC. (See Decl. of Daniel C. Cansino.) Furthermore, Respondent states that the Petitioner was to be released to an RRC in Council Bluffs, Iowa, on September 22, 2006. (Gov't Mot. To Dismiss at 3.)

## RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus [#8] be **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus [#1] is moot because Respondent has already given him the relief that he sought.

DATED: December 12, 006                              s/ *Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 29, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.